<u>**NOT FOR PUBLICATION**</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| DAVID CUSHING and CARONA CUSHING, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | Civil Action No. 25-12252 (KMW-MJS) |
| v. | |
| LAKEVIEW LOAN SERVICING, LLC; JAMES K. MINSHALL; ARAVIND JAGANNATHAN; FREEDOM MORTGAGE CORPORATION; NATIONSTAR MORTGAGE COMPANY, LP dba MR. COOPER; GREENTREE MORTGAGE COMPANY, LP; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GUARANTEED REMIC PASS-THROUGH SECURITIES AND MX SECURITIES; GINNIE MAE REMIC TRUST 2017; | **MEMORANDUM OPINION** |
| Defendants. | |

**Appearances:**

David Cushing
Carona Cushing
1734 Almond Road
Vineland, NJ 08360
*Pro Se Plaintiffs*

Robert D. Bailey, Esq.
**HINSHAW & CULBERTSON LLP**
800 Third Avenue, 13th Floor
New York, NY 10022
*Counsel for Defendants Freedom
Mortgage Corp. and James K. Minshal*

Harold L. Kofman, Esq.
**MCCALLA RAYMER LEIBERT PIERCE LLC**
485 Route 1 South, Bldg. F, Ste. 300
Iselin, NJ 08830
*Counsel for Defendants Nationstar Mortgage Corp.;
Lakeview Loan Servicing, LLC; Mortgage Electronic
Registrations Systems, Inc.; and U.S. Bank National
Association*

Benjamin Folkman, Esq.
**FOLKMAN LAW OFFICES, P.C.**
1949 Berlin Rd., Suite 100
Cherry Hill, NJ 08003
*Counsel for Defendant Greentree Mortgage Co., LP*

**WILLIAMS, District Judge:**

This matter comes before the Court on the unopposed Motions to Dismiss (the "Motions") (Dkt. Nos. 11, 12, 14) filed by Defendants Freedom Mortgage Corporation ("Freedom Mortgage"), James K. Minshall ("Minshall"), Greentree Mortgage Company, LP ("Greentree"), Lakeview Loan Servicing, LLC ("Lakeview"), Nationstar Mortgage Corp. ("Nationstar"), and U.S. Bank National Association's ("U.S. Bank," collectively "Defendants"). The Court, having reviewed the Parties' submissions and considered the papers without oral argument pursuant to Federal Rule of Civil Procedure 78(b), **GRANTS** Defendants' Motions and dismisses the Complaint with prejudice.

## I.   <u>BACKGROUND</u>

On January 28, 2025, this Court dismissed Plaintiff David Cushing's ("Mr. Cushing") complaint filed in the matter *Cushing v. Greentree Mortg. Co., LP*, No. 24-5742 (KMW-MJS), 2025 WL 318059 (D.N.J. Jan. 28, 2025) ("*Cushing I*") pursuant to *Rooker-Feldman*, New Jersey's entire controversy doctrine, and Fed. R. Civ. P. 12(b)(6). There, Mr. Cushing challenged the validity of the assignment of Plaintiffs' mortgage, the service of process in the state court foreclosure action, and the state foreclosure judgment. (*See Cushing I*, Dkt. No. 1.) Instead of timely moving to amend the complaint in *Cushing I*, Plaintiffs filed this action ("*Cushing II*"), alleging duplicative claims that were either already decided or could have been raised in either *Cushing I* or the underlying state court foreclosure action from which Plaintiffs' present claims arise.[1] (*See generally* Compl.)

Specifically, Plaintiffs' Complaint in *Cushing II* asserts the following causes of action: (1) "Request to set aside or vacate a void judgment [in the state court foreclosure action] for

---

[1] The Court recognizes that Plaintiffs are proceeding *pro se* and accordingly, will summarize the relevant facts underlying the case from what it can glean from the inartfully pled Complaint and the public records filed in the inter-related foreclosure action in the Superior Court of New Jersey to which Plaintiffs were both parties. (Dkt. No. 12-17.)

violations of due process and which was never served on the Cushings"; (2) "Equitable Cancellation of 3 Bogus Assignments"; (3) "Fraud Or, In the Alternative, Constructive Fraud"; (4) Violations of RESPA, Regulation X, and the Cares Act"; (5) "Slander of Title"; and (6) "Violations of New Jersey Uniform Deceptive Trade Practices Act." (Compl., ¶¶ 33-98.)

These claims are primarily based on Plaintiffs' challenges to the validity of the assignment of the mortgage to Freedom and Lakeview's standing to commence the state court foreclosure action, which this Court already rejected in *Cushing I* on the grounds that those claims were barred by *Rooker-Feldman* and New Jersey's entire controversy doctrine. (*See* Compl., ¶¶ 97-110.) Plaintiffs also renew Mr. Cushing's claim that Lakeview violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(1) by failing to respond to a Qualified Written Request ("QWR") that Plaintiff allegedly sent to Lakeview on September 22, 2023 (*see* Compl., ¶ 63), which this Court dismissed in *Cushing I* because Plaintiffs' loan was already merged into the final judgment of foreclosure when Mr. Cushing sent the QWR. (*See Cushing I*, Dkt. No. 21.)

## II.    STANDARD OF REVIEW

### a.    Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may seek dismissal of a complaint based on a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180 (1803)).

3

The *Rooker-Feldman* doctrine prohibits district courts from relying on their original jurisdiction to engage in appellate review of state-court orders. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The *Rooker-Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme] Court . . . " (citing 28 U.S.C. § 1257(a))); *see ASARCO Inc. v. Kadish*, 490 U.S. 605, 622 (1989) ("The *Rooker-Feldman* doctrine interprets 28 U.S.C. § 1257 as ordinarily barring direct review in the lower federal courts of a decision reached by the highest state court, for such authority is vested solely in this Court."); *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (same). A *Rooker-Feldman* defense should be, as here, presented through a motion to dismiss pursuant to Rule 12(b)(1). *Ninal v. Evangelista*, No. 04-5718, 2005 WL 2710742, at *3 (D.N.J. Oct. 21, 2005); *see Merritts*, 62 F.4th at 774 (3d Cir. 2023).

## III.   DISCUSSION

Upon reviewing Plaintiff's Complaint, the Court finds that *Rooker-Feldman*, New Jersey's Entire Controversy Doctrine, and issue preclusion bar Plaintiffs' claims. The *Rooker-Feldman* Doctrine deprives district courts of subject matter jurisdiction over causes of action where: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Jacobsen v. Citi Mortg. Inc, (NJ)*, 715 F. App'x 222, 223 (3d Cir. 2018) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The second and fourth elements are the crux of the doctrine. *Duffy v. Wells Fargo Bank, N.A.*, No. 06-4453, 2017 WL 2364196, at *5 (D.N.J. May 31, 2017). Thus, "a claim is barred by *Rooker–Feldman* . . . if the federal claim is inextricably

4

intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946, 948 (3d Cir. 2010).

"The Third Circuit has specifically held that the *Rooker–Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Nest v. Nationstar Mortg., LLC*, No. 16–4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citations omitted); *see Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877848, at *1 (D.N.J. Sept. 5, 2017), *aff'd sub nom. Jacobsen*, 715 F. App'x at 222 (holding the *Rooker-Feldman* applied where the plaintiffs alleged that they were injured by a judgment in a state court foreclosure action).

Here, the Court finds that all the requirements of *Rooker-Feldman* are satisfied with respect to Plaintiffs' challenge to the validity of the foreclosure judgment for the same reasons stated in *Cushing I*. Plaintiffs lost as the defendants in the state foreclosure action; their injuries flow from that judgment, which predates the filing of this Complaint; and Plaintiffs are "inviting the district court to review and reject the state judgment[]." *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877848, at *1 (D.N.J. Sept. 5, 2017). Moreover, the New Jersey Entire Controversy Doctrine[2] bars Plaintiffs' claims arising from the mortgage that are germane to the foreclosure action, including their CARES Act claim. *See, e.g., Leisure Tech Northeast Inc. v. Klingbeil Holding Co.*, 137 N.J. Super. 353, 358 (App. Div. 1975); *Sun NLF Ltd. Partnership v. Sasso*, 313 N.J. Super. 546 (App. Div. 1998), *certif. denied*, 156 N.J. 424 (1998). Furthermore, Plaintiffs are collaterally estopped from relitigating their RESPA claim based on their assertions regarding the September

---

[2] As the Third Circuit has recognized, "[a] federal court hearing a federal cause of action is bound by New Jersey's Entire Controversy Doctrine, an aspect of the substantive law of New Jersey, by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738 (1994)." *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997). "In other words, 'a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id.* (quoting *Peduto v. City of North Wildwood*, 878 F.2d 725, 728 (3d Cir. 1989)). The doctrine "reaches more broadly than the 'same cause of action' requirement of traditional res judicata doctrine." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 965 (3d Cir. 1991)).

22, 2023 letter, which the Court already dismissed in *Cushing I* because Mr. Cushing could not avail himself of RESPA's protections after the mortgage loan was extinguished by the foreclosure judgment.[3] (*See Cushing I*, Dkt. No. 21.)

Accordingly, to the extent any of Plaintiffs' inartfully plead causes of action survive *Rooker-Feldman*, those claims are precluded by New Jersey's Entire Controversy Doctrine and collateral estoppel.[4]

## IV.    CONCLUSION

For all the foregoing reasons, Defendants' Motions to Dismiss (Dkt. Nos. 11, 12, 14) are **GRANTED**. An Order consistent with this Opinion will be entered.

Dated: March 12, 2026

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] While this Court applies the preclusive effect of New Jersey's Entire Controversy Doctrine to the state court's foreclosure judgment by virtue of the Full Faith and Credit Act, 28 U.S.C. § 1738, the Court has original concurrent jurisdiction over Plaintiff's CARES Act and RESPA claims (Count IV). *See In re Adams*, 151 F.4th 144, 150-56 (3d Cir. 2025). Thus, the Court does not dismiss Count IV for lack of subject matter jurisdiction pursuant to *Rooker-Feldman* but exercises its jurisdiction to find those claims are precluded under New Jersey law. *See id.*

[4] While a dismissal for lack of subject matter jurisdiction must be *without* prejudice, the Court may deny leave to amend where any amendment would be futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (determining that dismissal without leave to amend is justified where the amendment would be futile); *see also, e.g., Kovalev v. Stepansky*, 835 F. App'x 678, 680 & n.2 (3d Cir. 2020) (modifying district court's order dismissing claims with prejudice for lack of subject matter jurisdiction to a dismissal *without* prejudice and *without* leave to amend). Notably, this is the second complaint brought by Mr. Cushing that is dismissed for want of subject matter jurisdiction. Moreover, Ms. Cushing has acknowledged that she raises the same issues in this matter that the Court previously addressed in *Cushing I* and has not identified any additional claims. (*See* Dkt. No. 12-19 at 5.) Nor have Plaintiffs requested leave to amend in this improvidently filed, duplicative matter. Thus, the Court finds that further amendment would be futile and dismisses all Counts (except for Count IV) without prejudice and without leave to amend.